IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY TYRONE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:10cv1039-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**I.   BACKGROUND**

Pursuant to a plea agreement, Timothy Tyrone Johnson ("Johnson") pled guilty on June 13, 2008, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing on September 4, 2008, the district court determined that Johnson qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had two prior convictions in Alabama for third-degree burglary and one prior conviction in Alabama for third-degree robbery.[1] The court sentenced

---

[1] The ACCA provides, in pertinent part:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than

(continued...)

Johnson to 180 months in prison.

Johnson appealed to the Eleventh Circuit, arguing that third-degree burglary under Alabama law does not constitute a violent felony for purposes of the ACCA because it lacks a statutory element of violence. *See* Exh. 13.[2] On May 21, 2009, the Eleventh Circuit issued an opinion rejecting Johnson's argument and affirming his conviction and sentence. *United States v. Johnson*, 329 Fed. App'x 890 (11th Cir. 2009). Johnson petitioned the Supreme Court for a writ of certiorari, and on November 30, 2009, the Supreme Court denied the petition. *Johnson v. United States*, 130 S.Ct. 739 (2009) (No. 09-5547).

---

[1](...continued)
fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). Therefore, the ACCA imposes a mandatory minimum sentence of fifteen years (180 months) on any person convicted under § 922(g), if that person has three prior convictions for a "violent felony" or a "serious drug offense." The ACCA further defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B).

[2] References to exhibits ("Exh.") are to those filed by the Government with its answer, Doc. No. 13. Document numbers are those assigned by the Clerk in this action. Page references to pleadings are to those assigned by CM/ECF.

On December 7, 2010, Johnson filed this § 2255 motion,[3] asserting the following claims:

1. His third-degree burglary convictions in Alabama do not qualify as violent felonies for purposes of the enhanced penalties provided in the ACCA.

2. When he committed his § 922(g) felon-in-possession offense, he had not yet been sentenced on his Alabama conviction for third-degree robbery, and thus the robbery conviction did not qualify as a "prior conviction" for purposes of applying the ACCA.

3. His counsel was ineffective for failing to argue that his third-degree robbery conviction could not be used to sentence him under the ACCA.

Doc. No. 1 at 4-7.

The Government maintains that Johnson's § 2255 motion was filed after expiration of the one-year limitation period in 28 U.S.C. § 2255 and is therefore time-barred. Doc. No. 13 at 7-9. In addition, the Government contends that Johnson's substantive claims are barred from review pursuant to a waiver provision in his plea agreement. *Id*. at 9-11. The Government further argues that, in any event, Johnson is not entitled to relief because his claims are without merit. *Id*. at 13-18.

This court agrees with the Government that Johnson's claims lack merit, and therefore pretermits discussion of whether his claims are also time-barred or foreclosed by the waiver

---

[3] Johnson represents that he signed his *pro se* § 2255 motion on December 7, 2010. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Johnson v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

provision in the plea agreement. After considering the parties' submissions, the record, and the applicable law, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Johnson's § 2255 motion should be denied..

## II. DISCUSSION

### A. Treatment of Third-degree Burglary Convictions as "Violent Felonies" for Purposes of ACCA

Johnson contends that his third-degree burglary convictions in Alabama do not qualify as violent felonies for purposes of the enhanced penalties provided under the ACCA. Doc. No. 1 at 4. Johnson raised this same claim on direct appeal and the Eleventh Circuit rejected the claim as having no merit. *See United States v. Johnson*, 329 Fed. App'x 890, 892 (11th Cir. 2009). Generally, if a claim is raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). In rejecting Johnson's claim on direct appeal, the Eleventh Circuit found that Alabama's third-degree burglary statute, § 13A-7-7, Ala. Code 1975, includes the elements of "generic burglary," as outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990),[4] and that a conviction for third-degree

---

[4] The ACCA provides that a "burglary" that is punishable by more than a year in prison is a violent felony. *See* 18 U.S.C. § 924(e)(2)(B)(ii). Alabama law makes third-degree burglary a Class C felony punishable by up to 10 years in prison. *See* §§ 13A-5-6(a)(3) & 13A-7-7(b), Ala. Code 1975. In *Taylor*, the United States Supreme Court held that to constitute a qualifying violent felony under the ACCA, a burglary must be a "generic burglary"; that is, it must "hav[e] the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit
(continued...)

4

burglary under the Alabama statute is therefore a qualifying violent felony under the ACCA. 329 Fed. App'x at 892. However, in *United States v. Ranier*, 616 F.3d 1212 (11th Cir. 2010), a case decided after Johnson's direct appeal, the Eleventh Circuit held that Alabama's third-degree burglary statute is a *non-generic* burglary statute, "because it covers some vehicles, aircraft, and watercraft, which are places and property falling outside the scope of generic burglary." 616 F.3d at 1215. Johnson points to this holding in *Ranier* in arguing in his § 2255 motion that his third-degree burglary convictions in Alabama do not qualify as violent felonies under the ACCA. Doc. No. 1 at 4 & 12.

As the Government observes in its answer, the Eleventh Circuit in *Ranier* indicated that the finding that Alabama's third-degree burglary statute is a non-generic burglary statute does not "end the inquiry" for purposes of the ACCA. *See* 616 F.3d at 1215. The court stated, "A conviction under a non-generic burglary statute still counts as 'burglary' under the ACCA, if the defendant was actually found guilty of the elements of a generic burglary." *Rainer*, 616 F.3d at 1215. "[A] conviction under a non-generic burglary statute qualifies as an ACCA predicate offense 'if the ... indictment show[s] that the defendant was charged only with a burglary of a building.'" *Id*. at 1216, quoting *Shepard v. United States*, 544 U.S. 13,

---

[4](...continued)
a crime." 495 U.S. at 599. *See also United States v. Rodriguez*, 553 U.S. 377, 387 (2008) (only generic burglary – i.e., burglary that involves unlawful entry into a building or structure – may be treated as a qualifying violent felony under the ACCA; a conviction for "non-generic burglary" does not count as a violent felony for purposes of the ACCA).

12 (2005).[5]

Johnson alleges that his third degree burglary convictions in Alabama were for burglaries of automobiles and thus were non-generic burglaries that did not qualify as violent felonies under the ACCA. Doc. No. 1 at 4. However, the record reflects that Johnson had five prior third degree burglary convictions in Alabama, all of which were for burglaries involving his unlawful entry into buildings or structures in the generic-burglary sense of the word. *See* Doc. No. 19 at 6-8. Johnson's automobile break-ins involved property and victims different from those involved in his third-degree burglary cases and resulted in convictions for breaking and entering a vehicle, *see* § 13A-8-11, Ala. Code 1975, which were not considered for purposes of applying the ACCA. At least two of Johnson's Alabama convictions for third-degree burglary were committed on occasions different from one another. *See* Doc. No. 19 at 6-7. Under the circumstances, then, the district court properly counted the two third-degree burglary convictions as qualifying violent felonies under the ACCA, and Johnson's instant claim for relief is without merit. *See, e.g., United States v. Bush*, 437 Fed. App'x 820, 821-22 (11th Cir. 2011).

### B.  Use of Third-degree Robbery Conviction as Qualifying Prior Conviction

Johnson contends that when he committed his instant § 922(g) felon-in-possession

---

[5] In *Shepard*, the Supreme Court held that a sentencing court cannot look to police reports or complaint applications in making "generic burglary" determinations under the ACCA, but can consider charging instruments, plea agreements or plea colloquy transcripts, and other comparable judicial records. 544 U.S. at 23-26.

offense, he had not yet been sentenced on his Alabama conviction for third-degree robbery and that the robbery conviction therefore did not qualify as a "prior conviction" for purposes of applying the ACCA. Doc. No. 1 at 5. He also claims that his counsel was ineffective for failing to argue on this basis that the robbery conviction could not be used to sentence him under the ACCA. Doc. No. 1 at 7.

The indictment in this case charged Johnson with committing his § 922(g) offense on or about March 10, 2007. *See* Exh. 1 at 1. He pled guilty to, and was convicted of, the state robbery charge in question on June 29, 2006; he was sentenced for the robbery conviction on October 4, 2007. *See* Doc. No. 19 at 8. Johnson maintains that because his sentence for the robbery conviction was imposed after he committed his § 922(g) offense, the robbery conviction did not qualify as a "prior conviction" under the ACCA. Doc. No. 1 at 5. Controlling law says otherwise.

The Eleventh Circuit has held that, for purposes of applying the ACCA based on prior convictions, the term "conviction" is defined by the jurisdiction in which the proceedings were held. *United States v. Santiago*, 601 F.3d 1241, 1243 (11th Cir. 2010); *see* 18 U.S.C. § 921(a)(20).[6] Thus, it is appropriate to look to Alabama's law in an enhancement context to determine whether Johnson's guilty plea to third-degree robbery constituted a conviction for purposes of the ACCA. *See Santiago*, 601 F.3d at 243-44. With respect to Alabama law

---

[6] For purpose of firearm offenses and the ACCA, "[w]hat constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *See* 18 U.S.C. § 921(20).

in an enhancement context, the guilty plea would be treated as a conviction even though sentencing had not yet occurred. *See Stanton v. State*, 648 So. 2d 638, 646-47 (Ala. Crim. App. 1994) (convictions for which defendant had not yet been sentenced could be used to sentence defendant as habitual offender); *Congo v. State*, 477 So. 2d. 511, 516 (Ala. Crim. App. 1985) (ejecting argument that no conviction exists for sentence enhancement purposes where a defendant enters a plea of guilty, but has not been sentenced yet, and then commits another felony). *See also Jones v. State*, 431 So.2d 1367, 1372 (Ala. Crim. App. 1983) ("A guilty plea is a conviction itself."). Because Johnson's guilty plea to the Alabama robbery charges was entered before he committed his federal offense, his robbery conviction was a qualifying prior conviction that could be used for purposes of sentence enhancement under the ACCA.

Because Johnson's substantive claim regarding use of the robbery conviction to enhance his sentence under the ACCA lacks merit, he cannot demonstrate that his counsel rendered ineffective assistance by failing to argue on the same basis that the robbery conviction could not be used to sentence him under the ACCA.[7] Counsel is not ineffective for failing to argue a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001);

---

[7] A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *see Strickland*, 466 U.S. at 687–88 & 694.

8

*United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Johnson is not entitled to any relief based on this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Johnson be denied with prejudice, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 1, 2013.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 15th day of February, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE